Marshall, C. J.
Upon the record in these causes counsel for plaintiffs in error present three legal questions:
1. Did the police justice of North Randall village, in the proceeding had before him, have jurisdiction under the constitution and statutes of Ohio over the subject-matter and the persons of the defendants ?
*36 2. Did the police justice have the right to hold court outside the limits of his own village and within the limits of the city of Cleveland, said city and village both being within Cuyahoga county, but not in the same township ?
3. Is the violation of Section 9, Article XV of the Constitution as amended in November, 1918, a violation of law within the description of Section 13195, General Code?
We will discuss the three propositions in their order.
The offense charged is that the defendant was the unlawful keeper of a place where intoxicating liquor, to-wit, whiskey, was then and there sold in violation of the law of the state of Ohio, contrary to Section 13195, General Code.
Section 13195 provides in part: “Whoever keeps a place where intoxicating liquors are sold, furnished or given away in violation of law, shall be fined not less than one hundred dollars nor more than five hundred dollars, and, for each subsequent offense shall be fined not less than two hundred dollars nor more than five hundred dollars * * * The giving away of intoxicating liquors, or other shift or device to evade the provisions of this section, shall be unlawful selling.”
It will be seen that the offense charged was a misdemeanor in which imprisonment is no part of the penalty.
The affidavit was filed before a police justice of a village and the case was heard by him without the intervention of a jury. The office of police justice exists only in villages having no police court and *37 provision is made for such office by Section 4544, General Code, as follows: “Upon the recommendation of the mayor, the council may, by an affirmative vote of two-thirds of all the members elected, appoint a justice of the peace, resident of the corporation, or if there is no such justice of the peace, another suitable person resident of the corporation or a justice of the peace for the township in which such corporation is situated, police justice, who shall, during the term of office of such mayor, unless removed on suggestion of such mayor by a two-thirds vote of all the members of the council, have concurrent jurisdiction of all prosecutions for violations of ordinances of the corporation with full power to hear and determine them, and shall have the same powers, perform the same duties, and be subject to the same responsibilities in all such cases as are prescribed .by law, to be performed by and are conferred upon the mayors of such corporations.”
It will be seen, therefore, that police justices shall have such powers as are conferred upon the mayors of such corporations. We must therefore turn to the section conferring judicial power upon mayors of such villages..
Section 4536, General Code, provides: “He shall have final jurisdiction lb hear and determine any prosecution for a misdemeanor unless the accused is by the constitution entitled to a trial by jury. His jurisdiction in such cases shall be co-extensive with the county.”
It appearing that the mayor, and therefore a-police justice, only has final jurisdiction co-extensive *38 with the county in cases where the accused is not by the constitution entitled to a trial by jury, it becomes necessary to determine whether in charges of misdemeanor punishable only by fine the accused is or is not entitled by the constitution to trial by jury.
This question is no longer an open one in Ohio, unless it is determined,to disregard a long line of the previous decisions of this court. The leading case on this subject is the case of Inwood v. State, 42 Ohio St., 186, in which the syllabus is as follows: “A statute, which authorizes a penalty by fine only, upon a summary conviction under a police regulation or of an immoral practice prohibited by law, although imprisonment, as a means of enforcing the payment of the fine is authorized, is not in conflict with either section 5 or 10 of article 1 of the constitution, on the ground that no provision is made for a trial by jury in such cases.” This case has been followed by this court in Carey v. State, 70 Ohio St., 121, and State v. Borham, 72 Ohio St., 358.
Summing up the f oregoing decisions and statutes and applying them to the facts of the instant case it is seen that a violation of Section 13195 is a misdemeanor, in which imprisonment is not a part of the penalty, and that a mayor of a village would have final jurisdiction to hear the charge without the intervention of a jury and to render final judgment, and that a police justice, having the same jurisdiction as a mayor, may also render like final judgment.
Counsel for the accused argue at length concerning the special statutes relating to police courts, and especially Sections 4567, 4569 and 4577. These sections have no application to the instant case, be *39 cause it does not appear that a police court had been established in the village of North Randall.
It is further contended by counsel for the accused that Section 13423 has peculiar application to this case. The portions of that section which it is claimed apply to the instant case are as follows: “Sec. 13423. Justices of the peace, police judges and the mayors of cities and villages shall have jurisdiction, within their respective counties, in all cases of violation of any law relating to * * * 8. The selling, giving away or furnishing of intoxicating liquors as a beverage, or keeping a place where such liquor is sold, given away or furnished, in violation of any law prohibiting such acts within the limits of a township and without the limits of a municipal corporation.”
It is claimed from this language that a mayor, and therefore a police justice, of a village, could only take jurisdiction over an offense which occurred “within the .limits of a township and without the limits of a municipal corporation.”
To place such a constrüction upon that language would create the absurd condition of a mayor or-police justice having jurisdiction over an offense outside of his village when he would not have' jurisdiction over the same offense committed within his village. The language itself j however, does not support any such construction. The statute does not refer to offenses committed in the township outside of the village, but to laws applying only to that portion of the township without the limits of a municipal corporation located in such township. It was not necessary in adding paragraph 8 to Section *40 13423 to provide that the mayor or police justice should have jurisdiction over offenses within the limits of his village, because he already had that power. It was the purpose in amending Section 13423 by adding paragraph 8 to enlarge the jurisdiction of the mayor or police justice by giving him also jurisdiction over offenses in violation of laws applying to territory outside of his .village and within the limits of the township in which the villag'e was located. Paragraph 8 was added to- Section 13423 following the township local option law and was evidently not intended tp cover any other offenses. Section 13423 cannot, therefore, limit'in any way the provisions of Section 4536.
As a part of the foregoing inquiry concerning the jurisdiction of the police justice, the question of the constitutionality of Section 4544 is raised, as being in conflict with Section 10, Article IV of the constitution. Section 10, Article IV, provides: “All judges, other than those provided for in this constitution, shall be elected by the electors of the judicial district for which they may be created, but not for a longer'term of office than five years.” If Section 4544 is unconstitutional, and if the question of its unconstitutionality can be urged in the manner in which it is raised in the instant case, then of course these judgments should be reversed.
On the other hand, even though the statute is unconstitutional, if its validity cannot be questioned in this collateral manner, then the judgments should be affirmed.
This court will take judicial notice of the fact that there are a lárge number of such police justices in *41 villáges throughout the state of Ohio, and a determination of the constitutionality of this section would affect all such villages, and manifestly no such determination should be made otherwise than in a quo warranto proceeding in a case where the issue has been properly made up and at least one o f such police justices made a party defendant with full opportunity to be heard. We therefore refrain from any expression on this subject for that reason and for the further reason that it is not necessary to pass upon that question in the instant case.
The question before the court in this case is as to whether the attack upon this statute can be made in this collateral manner, and also as to whether the power and authority of the police justice and the validity of his office can be collaterally attacked by the defendant in a misdemeanor case then on trial before him.
This is not a new question in Ohio, but has been discussed in the case of State v. Gardner, 54 Ohio St., 24. In that case the opinion of Judge Bradbury, and the concurring opinion of Judge Spear, reviewed the authorities at length and reached the conclusion that such a question could not be raised collaterally or otherwise than in a quo zvarranto proceeding to determine whether the judge had a valid title to his office, in which proceeding the judge himself would be made a party defendant and have the opportunity to appear and make a defense thereto. Even the dissenting opinion of Judge Shauck in that case is in harmony with the conclusions we have reached in the instant case, because Judge Shauck dissented on the ground that *42 there was not a de jure office to be filled and that there could therefore be no de facto officer.
The case at bar is therefore in a stronger position on this point than the Gardner cáse. There can be no question that the legislature had the power to create the office of police justice, and the only possible question is whether the village council could appoint anyone other than a justice of the peace to the office upon the recommendation of the mayor. There is, therefore, unquestionably a de jure office and it only remains to be determined whether Penty is a de facto officer..
Until such time as inquiry is made into Penty’s title to the office, all of his acts as police justice are valid. The present case is therefore similar to Ex parte Strang, 21 Ohio St., 610. In that case, on account of the sickness of the judge of the police court of Cincinnati, the mayor appointed a member of the bar to hold court during such inability. In the course of the duties of said appointee, Strang was arrested, sentenced and committed. The question was raised as to the title of the judge thus appointed, the claim being made that the law authorizing the appointment of an acting police judge was unconstitutional and void. Upon these facts the syllabus of the case is as follows:
“1. The acts of an officer de facto, when questioned collaterally, are as binding as those of an officer de jure.
“2. To constitute an officer de facto of a legally existing office it is, not necessary that he should derive his appointment from one competent to invest him with a good title to the office. It is sufficient if *43 he derives his appointment from one having color-able authority to appoint; and an act of the general assembly, though not warranted by the constitution, will give such authority.
“3. By section 174 of the municipal code, the” mayor, in the absence or disability of the police, judge, is authorized to select a member of the bar to hold the police court, who, it is declared, shall have, for the time being, the jurisdiction and powers conferred upon judges of police courts, and shall be styled ‘acting police judges.’ Held: That assuming (but without deciding the question) the power of appointment thus conferred on the mayor to be unauthorized by the constitution, yet the person acting under such appointment, would be a judge de facto”
.Without reviewing all the authorities on this point, and following the two cases decided by this court, we hold that Penty was at least a de facto judge and that his proceedings cannot therefore be brought in question in this way and at this time.
Let us look to the second of the questions above suggested and determine whether the police justice had the right to hold court outside the limits of his own village and within the city of Cleveland, both the city and village being within, the limits of Cuyahoga county.
It has already been seen that his jurisdiction is co-extensive with the county and it only remains to be determined whether h.e has a right to hold court in the city of Cleveland and outside of his own village. Counsel for the accused have not argued this *44 proposition at length, but inasmuch as the question is suggested, it is proper to dispose of it.
Section 10223, providing the civil jurisdiction of justices of the peace, reads as follows: “Unless otherwise directed by law, the jurisdiction of justices of the peace in civil cases, is limited to the township wherein they have been elected, and wherein they reside. No justice of the peace shall hold court outside of the limits of the township for which he was elected.”
No provision is made by statute that police justices may only hold court within the limits of the township for which they were appointed, but on the contrary it is provided that they may have jurisdiction in misdemeanor prosecutions co-extensive with the county in which the village is located. The legislature having placed a limitation upon the location where a justice of the peace may hold court in civil cases, it will be presumed that the legislative intent on this subject was exhausted and that it was not intended to place a like limitation in criminal cases. This rule was followed in the case of Steele v. Karb, Sheriff, 78 Ohio St., 376. In that case it was held that a justice of the peace has authority to hear and dispose of a criminal case outside of the township for which he is elected and in which he resides, in those cases where his jurisdiction is coextensive with the county, and no possible reason .is perceived why a different rule should be made for a police justice who also has jurisdiction co-extensive with the county. The case of Steele v. Karb, Sheriff, will therefore be followed.
*45 The third, and last question is as to whether a violation of the prohibition amendment to the constitution, ratified in November, 1918, and known as Section 9, Article XV, is a violation of law within the meaning of Section 13195, General Code.
This question is no longer an open one in Ohio, it having been determined by this court during this present session, in the case of Hoffrichter v. State, 102 Ohio St., 65. The syllabus of that case is as follows:
“1. The sovereign people have the inherent right under our form of government to declare, by their constitution, any act or acts unlawful.
“2. Such act, so declared by the constitution to be unlawful, or prohibited, is included within the language ‘in violation of law,” as found in Section 13195, General Code.”
For the foregoing reasons all of the judgments are affirmed.

Judgments affirmed.

Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.